JAMES DAL BON
C- BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE 210
SAN JOSE, CA 95113

(408)297-4729

ATTORNEY FOR PLAINTIFF

**ADR**

**E-FILING**

**FILED**

JUL 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fee Paid
$1
8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO RUIZ<br><br>Plaintiff,<br><br>vs.<br><br>RONALD J AY HAAS, R J HAAS<br>CONSTRUCTION CORP., R.J. HAAS CORP<br>I, R.J.HAAS CORP II, R.J.HAAS CORP III,<br>VALLEY CORP B, INTERNATIONAL<br>BUSINESS AND MERCANTILE<br>REASSURANCE COMPANY, SURETY<br>COMPANY OF THE PACIFIC<br><br>Defendants | **CASE C08 03612 RS**<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL:<br><br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Business and Professions Code Section 17200;<br>4) Violation of California Labor Code Section 201;<br>5) Violation of California Labor Code Section 226. |

NATURE OF CLAIM

1. This is an action on behalf of Ramiro Ruiz who has been employed on an hourly basis

by Ronald Jay Haas, R J Haas Construction Corp., R.J. Haas Corp I , R.J.Haas Corp II,

R.J.Haas Corp III, Valley Corp B bonded for the purpose of wages by International Business And Mercantile Reassurance Company, Surety Company Of The Pacific during the last four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes.

2. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. At all times relevant herein Plaintiff Ramiro Ruiz was a resident of Santa Clara County, California.

6. At all times relevant herein, Defendants Ronald Jay Haas, R J Haas Construction Corp., R.J. Haas Corp I, R.J.Haas Corp II, and R.J.Haas Corp III., and Valley Corp B employed Plaintiff as a laborer working on construction projects throughout the Bay Area.

7.  At all times mentioned Defendant International Business And Mercantile Reassurance Company, bonded Defendants  R J Haas Construction Corp., R.J. Haas Corp I, R.J.Haas Corp II, and R.J.Haas Corp III.,  and Valley Corp B for payment of wages.

8.  At all times mentioned Defendant Surety Company Of The Pacific bonded Defendants Ronald Jay Haas for payment of wages

9.  At all times relevant herein Defendants Ronald Jay Haas, R J Haas Construction Corp., R.J. Haas Corp I, R.J.Haas Corp II, and R.J.Haas Corp III.,  and Valley Corp B conducted  business in Santa Clara County, California.

10. Individual  Defendant Ronald Jay Haas was, according to information and belief, the officer, owner, or employee of Defendants  R J Haas Construction Corp., R.J. Haas Corp I, R.J.Haas Corp II, and R.J.Haas Corp III.,  and Valley Corp B having control over the Plaintiff's work condition and work situation.

11. Defendants Ronald Jay Haas, R J Haas Construction Corp., R.J. Haas Corp I , R.J.Haas Corp II, R.J.Haas Corp III, Valley Corp B bonded for the purpose of wages by International Business And Mercantile Reassurance Company, Surety Company Of The Pacific shall be hereinafter collectively known as "Defendants".

12. Plaintiff Ramiro RUIZ shall hereinafter be known as "Plaintiff".

13. Plaintiff was according to information and belief, an employee of Defendants acting in the normal course and scope of employment duties with Defendants as a laborer.

14. During the course of Plaintiff's employment with Defendants,  Plaintiffs regularly worked more than 8 hours per day and 40 hours per week, hours for which Plaintiffs were not properly compensated.

15. Defendants paid Plaintiff for his labor by cash.

16. Defendants did not issue a paystub with deductions to Plaintiff.

17. Plaintiffs did not perform "exempt" duties in his position as a laborer with Defendants and thus was not subject to any exemption under the Fair Labor Standards Act, 29 CFR 541.112, 541.209 and 541.209. The Plaintiff was not even marginally responsible for management or administrative functions, and their primary job duties did not require the exercise of independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time.

18. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of Defendants business where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of Defendants.

COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510

FAILURE TO PROPERLY PAY OVERTIME WAGES

19. Plaintiff re-alleges and incorporates paragraphs 1-18 as if fully stated herein.

20. At all times relevant herein, California Labor Code Section 501, which applies to Plaintiff's employment by defendants, provided that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

21. Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

22. Defendants therefore owe Plaintiff lost wages and penalties in an amount subject to proof.

23. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

24. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

25. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by him/her in this action.

COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT

FAILURE TO PROPERLY PAY OVERTIME WAGES

26. Plaintiff re-alleges and incorporates paragraphs 1-25 as if fully stated herein.

27. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce.

28. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

29. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiff's regular rate of pay.

30. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiff's rights under the FLSA.

31. Defendants therefore owe Plaintiffs lost wages and penalties in an amount subject to proof.

32. Therefore, as a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

33. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff's proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

34. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

COUNT THREE: VIOLATION OF CA LABOR CODE SECTION 201

FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

35. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-34 as if fully stated herein.

36. At the time Plaintiff's employment with Defendant was terminated, Defendants' owed Plaintiff certain unpaid overtime wages.

37. Failure to pay wages owed at the time if an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

38. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages.

39. Defendants therefore owe Plaintiff lost wages and penalties in an amount subject to proof.

40. Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff's reasonable attorney's fees and costs incurred in this action.

41. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

42. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-41 as if fully stated herein.

43. At all times relevant herein, Plaintiff's employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

44. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

45. During the period Plaintiff was employed with the Defendant, Defendants failed to pay Plaintiffs legally required overtime pay to which he was legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiff.

46. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving

1  them a competitive advantage over other employers and businesses with whom

2  defendants were in competition and who were in compliance with the law.

3  47. As a direct and proximate result of defendants' violations and failure to pay the

4  required overtime pay, the Plaintiff's rights under the law were violated and the

5  Plaintiff incurred general damages in an amount subject to proof.

6  48. Defendants had been aware of the existence and requirements of the Unfair Trade

7  Practices Act and the requirements of state and federal wage and hours laws, but

8  willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

9  49. Plaintiff, having been illegally deprived of the overtime pay to which he were legally

10  entitled, herein seeks restitution of such wages pursuant to the Business and Professions

11  Code §17203 in an amount subject to proof.

12  COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

13  INADEQUATE PAY STATEMENTS

14  50. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-49 as if fully stated

15  herein.

16  51. California Labor Code Section 226 provides that all employers shall provide to

17  employees accurate and complete wage statements including, but not to limited to, an

18  accurate and current statement of all rates paid for all regular and overtime hours

19  worked during the pay-period, a complete and itemized statement of deductions, net

20  wages earned, the dates for which payment is being made, any and all applicable piece

21  rates, and the current address ad name of the employer.

22  52. California Labor Code Section 226 further provides that any employee suffering injury

23  due to a willful violation of the aforementioned obligations may collect the greater of

24  either actual damages or $50 for the first inadequate pay statement and $100 for each

25  inadequate statement thereafter.

53. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

54. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

55. Defendants deliberately and willfully deducted 5% from the plaintiff's hourly piece rate without accounting for the deduction on the plaintiff's pay stub.

56. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

57. Plaintiffs are therefore legally entitled to recover the 5% reduction in their hourly piece rate in an amount subject to proof

58. Plaintiffs have incurred costs and fees in bringing this action and seek to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

59. For compensatory damages in an amount subject to proof

60. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount subject to proof

61. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount subject to proof

62. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a) in an amount subject to proof;

63. For waiting time penalty damages of thirty days wages to Plaintiffs pursuant to California Labor Code § 203 in an amount subject to proof

64. For actual damages in an amount subject to proof for inadequate pay statements pursuant to California Labor Code Section 226;

65. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

66. For costs of suit herein; and

67. For such other and further relief as the Court may deem appropriate.

July 25, 2008

s/jdb
LAW OFFICES OF JAMES DAL BON

JS 44 - No. CALIF.  (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS

RAMIRO RUIZ

## DEFENDANTS

RONALD JAY HAAS, R J HAAS CONSTRUCTION CORP., R.J. HAAS CORP I, R.J.HAAS CORP II, R.J.HAAS CORP III, VALLEY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

ADR

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of James Dal Bon
28 North 1st Street Suite 210, San Jose CA 95113

E-FILING

ATTORNEYS (IF KNOWN)

C08    03612

RS

## II. BASIS OF JURISDICTION (PLACE AN "✔" IN ONE BOX ONLY)

☐ 1  U.S. Government
     Plaintiff
☐ 2  U.S. Government
     Defendant
☑ 3  Federal Question
     (U.S. Government Not a Party)
☐ 4  Diversity
     (Indicate Citizenship of
     Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✔" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)                      AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "✔" IN ONE BOX ONLY)

☑ 1 Original
    Proceeding
☐ 2 Removed from
    State Court
☐ 3 Remanded from
    Appellate Court
☐ 4 Reinstated or
    Reopened
☐ 5 Transferred from
    Another district
    (specify)
☐ 6 Multidistrict
    Litigation
☐ 7 Appeal to
    District Judge from
    Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "✔" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Property 21 USC 881 |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 RR & Truck |  | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability |  | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
|  | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt Reporting & | ☐ 863 DIWC/DIWW (405(g)) | Act |
|  | | | Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
|  | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
|  | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | Act | ☐ 870 Taxes (US Plaintiff or | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: |  | Defendant | Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General |  | ☐ 871 IRS - Third Party | Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | 26 USC 7609 | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | Statutes |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. 209, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✔" IN ONE BOX ONLY) ☐ SAN FRANCISCO/OAKLAND ☑ SAN JOSE

DATE
7/25/08

SIGNATURE OF ATTORNEY OF RECORD